IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| AMADO RIVAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No._____ |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant, | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES AMADO RIVAS (hereinafter referred to as "Plaintiff") complaining of the UNITED STATES OF AMERICA (hereinafter to as "Defendant UNITED STATES") and for a cause of action would respectfully show the Court as follows:

## I. PARTIES

1. Plaintiff AMADO RIVAS resides in Las Cruces, New Mexico.

2. Defendant THE UNITED STATES OF AMERICA is a governmental entity and may be served with process by serving the State of New Mexico Attorney General, Gregory J. Fouratt, or an assistant United States Attorney designated by the United States Attorney to accept service at 201 3rd Street NM, Albuquerque, New Mexico 87102 by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney General any by mailing by certified mail two (2) copies of the summons and two (2) copies of the complaint to the U.S. Attorney General, Eric Holder, to the U.S. Department of Justice 950 Pennsylvania Ave, NW

1

## II. JURISDICTION AND VENUE

3.      The Court has jurisdiction over this case pursuant to the Federal Tort Claims Act, 28 USC 2671, et seq. and 28 USC 1346(b).

4.      Venue is proper in this district pursuant to 28 U.S.C 1402(b) because the events forming the basis of this complaint took place in the District of New Mexico, specifically San Miguel County, New Mexico.

5.      Plaintiff gave timely notice to Defendant United States of his claims in accordance with Federal Tort Claim Act . More than 6 months have elapsed since filling the Claim and there has been no resolution despite attempts to settle the claim in July and August of 2012. In accordance with Section 2675 (a) of Title 28 of the United States Code, Plaintiff deems the claim finally denied by the U.S. Customs and Border Protection, Department of Homeland Security.

## III. STATEMENTS OF THE FACTS

6.      The injuries and damages suffered by Plaintiff and made the basis of this action out of an occurrence on or about January 27, 2010 in San Miguel, Dona Ana County, New Mexico. At such time and place, Agent David Retana acting in the course and scope of his employment with Defendant United States (U.S. Customs and Border Protection, Department of Homeland Security), was driving said vehicle south on State Road 28, San Miguel, Dona Ana County, New Mexico, in a no-passing zone. The posted and safe speed limit for Road 28 was 35 mph, but Agent Retana was negligently and recklessly driving at a speed which was far in excess of that limit. Further, Agent Retana failed to activate his vehicle's emergency warning devises, such as siren. Simultaneously, Plaintiff was driving his pickup truck south on State Road 28, a short distance ahead of the vehicle driven by Agent Retana. Plaintiff attempting to make a legal left

turn off State Road 28, onto Tierra Del Sol Rd. Despite the no-passing zone, and while Plaintiff was attempting to make proper left turn as described above, Retena negligently and recklessly drove his vehicle left of the center line of State Road 28, in an illegal attempt to pass Plaintiff's vehicle. As a direct and proximate result Agent Retana's conduct in driving in the above matter, the vehicle driven by Agent Retana struck Plaintiff's vehicle with tremendous force, causing severe and permanent harm to the Plaintiff. At the time and place of the above- described collision, Agent David Retana negligently operated or maintained the motor vehicle owned by the Defendant United States so that in struck and collided with Plaintiff's pickup truck.

## IV. CAUSE OF ACTION
## FEDERAL TORT CLAIMS ACT

7. Said collision and Plaintiff's damages were approximately caused by Defendant United States employee's violation of the laws of the State of New Mexico and of the United States of America constituting negligence per se.

8. Defendant United States owed a duty of reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by the negligence of Defendant United States of America and Agent Retana in the course and scope of his employment with Defendant United States arising from one or more of the following alternative theories of negligence: Plaintiff asserts the theory of Respondeat Superior of Defendant United Sates.

   a. Passing in a No Pass Zone which is negligence per se.

   b. Failure to keep a proper lookout.

   c. Excessive Speed; Driving at a speed greater than is reasonable.

   d. Failing to turn on the siren or emergency warning or such devices.

   e. Failure to use due care in operating a motor vehicle.

    f.    Failure to safely apply brakes to avoid a collison.

    g.    Failure to turn to the left or right to avoid a collison.

    h.    Failure to warn of his approach.

    i.    Failure to pay attention.

    j.    Failure to take proper evasive action.

    k.    Other negligence.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was proximate cause of Plaintiffs's damages.

9.    Defendant United States owned acts of omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages.

    a.    Negligent training of Defendant United States and Defendant Retana in driving a vehicle.

    b.    Negligent supervision of Agent Retana

    c.    That on January 27, 2010, Defendant United States was negligent by entrusting control and operation of the motor vehicle which was under their ownership and control to Agent Retena.

    d.    Other negligence.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages.

## V. NEGLIGENCE OF DRIVER RETANA

10. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Agent Retana:

   1. Negligence per se in passing unsafely.
   2. Failing to maintain an assured clear distance to avoid collision.
   3. Failing to slow or stop the vehicle.
   4. Failure to keep proper lookout.
   5. Failure to warn.
   6. Failure to use due care in operating a motor vehicle.
   7. Failure to pay attention.
   8. Failure to take proper evasive action.
   9. Unsafe passing.
   10. Other acts of negligence.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages.

## VI. DAMAGES OF PLAINTIFF

11. As a result of the occurrence, Plaintiff Rivas suffered severe bodily injuries. As a further result of the occurrence, Plaintiff Rivas has incurred expenses for medical care, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff Rivas and the charges made and to be made were the usual and customary charges for such services. Plaintiff Rivas will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

12.     As a result of the occurrence, Plaintiff Rivas has lost income in the past and has incurred lost future wage earning capacity. Plaintiff Rivas has suffered pain and suffering in the past. Plaintiff Rivas will continue to suffer mental pain and anguish in the future. As a result of the occurrence, Plaintiff Rivas has suffered and will continue to suffer impairment to his body. Plaintiff Rivas has suffered and will continue to suffer disfigurement. Plaintiff Rivas has suffered damages within the jurisdictional limits of this Court.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer, and that on final trial, Plaintiff has judgement against Defendant for all relief requested, for cost, pre-judgement and post judgement interest and for such other relief, general and special, at law or equity, to which Plaintiff is entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas 79901
cquintero@scherrlegate.com
(915) 544-0100 (Voice)
(915) 532-1759 (Facsimile)

_____
**CONNIE JIMENEZ QUINTERO**